UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE FIFE AND DRUM, INC.,<br><br>          Plaintiff,<br>     v.<br><br>DELBELLO ENTERPRISES, LLC, d/b/a<br>IL PORTICO RISTORANTE<br>ITALIANO,<br><br>          Defendant. | **FIRST AMENDED COMPLAINT**<br><br>Civil Action No.: 17 Civ. 3676 (NLH) (JS) |

Plaintiff The Fife and Drum, Inc. d/b/a Il Portico ("Plaintiff"), for its First Amended Complaint, by and through its undersigned counsel, complains and alleges against defendants Delbello Enterprises, LLC d/b/a Il Portico Ristorante Italiano ("Defendant") as follows:

## INTRODUCTION

1.      In 1988, Plaintiff opened Il Portico Ristorante, an Italian restaurant in Tappan, New York.  Twenty-nine years later, Il Portico Ristorante remains a favorite of diners throughout Rockland County, New York and Northern New Jersey.

2.      Il Portico Ristorante has garnered considerable praise from diners and critics, receiving awards and enthusiastic reviews from leading restaurant guides, including Zagat and Open Table.

3.      Reflecting its longstanding exclusive rights in and to its valuable trademark and business moniker, Plaintiff has owned a United States trademark registration for the mark IL PORTICO in connection with restaurant services since 1990.

4.      Several years after Plaintiff adopted its IL PORTICO trademark, Defendant—which has no affiliation with Plaintiff—began operating an Italian restaurant in Burlington, New

Jersey under the name "Il Portico Ristorante Italiano."

5.      Defendant's misappropriation of Plaintiff's trademark has resulted in consumer confusion, and fostering the mistaken belief that Defendant's restaurant is somehow affiliated with or connected to Plaintiff.

6.      Plaintiff has attempted to resolve its claims against Defendant without recourse to litigation. However, despite having full knowledge of Plaintiff's prior rights, and the likelihood of confusion that necessarily stems from their unauthorized use of the IL PORTICO trademark, Defendant has rejected Plaintiff's entreaties, necessitating this action.

7.      Accordingly, this is an action for trademark counterfeiting, trademark infringement, and false designation of origin in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); trademark counterfeiting in violation of N.J.S.A. 56:3-13.16; and trademark infringement in violation of the common law.

8.      In this Complaint, Plaintiff seeks injunctive relief and damages arising from Defendant's deliberate infringement of Plaintiff's federally registered trademark.

9.      Defendant's conduct has irreparably harmed Plaintiff, and, unless enjoined, will continue to injure both Plaintiff and the public.

## JURISDICTION AND VENUE

10.      This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and for related state claims under the statutory and common laws of the State of New Jersey.

11.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and under 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367(a).

12.      This Court has personal jurisdiction over Defendant Delbello Enterprises LLC

because it is a limited liability company organized and existing under the laws of New Jersey.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

14.     Plaintiff is a corporation organized under the laws of the State of New York, with a principal place of business of 89 Main Street, Tappan, New York 10938.

15.     On information and belief, Defendant Delbello Enterprises LLC is a limited liability company organized under the laws of New Jersey, with a principal place of business of 273 West Route 130, Burlington, New Jersey 08016.

## FACTUAL BACKGROUND

16.     For nearly three decades, Plaintiff has owned and operated a fine dining restaurant in Tappan, New York under the name Il Portico Ristorante.

17.     Set in a converted coach house dating from the 1850s, Il Portico Ristorante is an historic and much loved fixture of the Rockland County and Northern New Jersey dining scene.

Il Portico Ristorante



3

18.     Plaintiff painstakingly restored the venerable building housing Il Portico Ristorante. As a result of Plaintiff's efforts, the restaurant has been named to the National Register of Historic Places. Plaintiff has also earned several awards for preservation, including for instance, the Rockland County Beautification Award.

19.     Il Portico Ristorante is widely lauded for its jewel box ambiance and sumptuous Northern Italian food, unfailingly prepared with fresh ingredients and skillful technique.

20.     By way of example, in a five-star review, *201 Magazine*—a publication covering and directed to residents of New Jersey, and named for the New Jersey area code—described Il Portico Ristorante as "[w]ell worth the trip anywhere in the area… the atmosphere is historic and charming. Never mind that the service is spot on and they get all the basics right … it's the flavors that will bring you back."

21.     Since 1990, Il Portico Ristorante has consistently been featured in the influential Zagat restaurant guide. Moreover, Zagat named Il Portico Ristorante as one of America's 1,000 Top Italian Restaurants every year from 2004 through 2008, when Zagat discontinued the feature.

22.     Zagat has also published several five-star reviews of Il Portico Ristorante, feting the restaurant variously as "charming," "elegant," and "a lovely little oasis."

23.     Restaurant patrons are equally fervent in their praise. Open Table users named Il Portico Ristorante a winner of its Diners' Choice award in 2015, 2016, and 2017, and the restaurant has a current rating of 4.4 out of a possible five stars on the Opentable.com website.

24.     Plaintiff operates an active website accessible at ilportico.com, providing information about the restaurant and its unique history, displaying its menus and wine lists, and allowing users to make reservations through Open Table. Plaintiff registered the domain name

4

ilportico.com on May 11, 1998, continuously operating its website for nearly twenty years.

25.     Plaintiff also maintains a Facebook page for Il Portico Ristorante, where users have awarded it a rating of 4.8 out of 5 stars. On information and belief, several of the individuals who have left reviews of Il Portico Ristorante are residents of New Jersey.

26.     Plaintiff employs two toll-free phone numbers for the restaurant, including a national toll free listing of 1-888-ILPORTICO and a New Jersey state listing of 1-800-ILPORTICO.

27.     Since first opening Il Portico Ristorante's doors in 1988, Plaintiff has used its IL PORTICO trademark in connection with restaurant services consistently and without interruption.

28.     In light of Plaintiff's long use of its IL PORTICO trademark, and the acclaim that Il Portico Ristorante has elicited from critics and patrons, the relevant public has come to understand the IL PORTICO trademark as referring uniquely to Plaintiff and its lauded restaurant.

29.     As further confirmation of its rights, Plaintiff is the owner of United States Trademark Registration No. 1,601,605 for IL PORTICO in connection with restaurant services (the "Registration").

30.     The Registration, which the U.S. Patent and Trademark Office issued to Plaintiff more than twenty-seven years ago, on June 12, 1990, is valid, subsisting, and in full force and effect, achieving incontestable status in 2010. A true and correct copy of the certificate for the Registration is attached as Exhibit A.

31.     Plaintiff has successfully asserted its exclusive rights in its IL PORTICO trademark against other infringing entities situated in New Jersey.

32.     On information and belief, Defendant owns and operates an Italian restaurant in Burlington, New Jersey under the name "Il Portico Ristorante Italiano" ("Defendant's Restaurant").

33.     On information and belief, Defendant's Restaurant offers a similar menu and affects a similar Italian theme as Il Portico Ristorante.

34.     On information and belief, Ilyas Shah, a/k/a Alberto Delbello ("Shah") is Defendant's principal.

35.     On information and belief, Shah was involved in the operation of an Italian restaurant in Philadelphia, Pennsylvania under the name "Il Portico" (the "Philadelphia Restaurant").

36.     On information and belief, the Philadelphia Restaurant opened under the name "Il Portico" in 1995—*approximately seven years after Plaintiff adopted and popularized its IL PORTICO trademark*.

37.     On information and belief, the Philadelphia Restaurant operated under the name "Il Portico" until 2012, at which point, the operators of the Philadelphia Restaurant *voluntarily abandoned the name "Il Portico," rebranding the Philadelphia Restaurant as "Tiramisu."*

38.     On information and belief, the Philadelphia Restaurant operated under the name "Tiramisu" from 2012 through its permanent closing in 2016.

39.     On information and belief, Defendant's Restaurant opened under the name "Il Portico" in late 2016, more than four years after the Philadelphia Restaurant was rebranded as "Tiramisu."

40.     On information and belief, during the more than four-years-long period between the rebranding of the Philadelphia Restaurant as "Tiramisu" and the opening of Defendant's

Restaurant, the Defendant (and any affiliated entities) voluntarily discarded the name "Il Portico" for use in connection with restaurant services.

41.     Defendant neither sought nor received Plaintiff's permission to use its federally registered IL PORTICO trademark in connection with its Philadelphia or Burlington, New Jersey restaurants.

42.     The services offered by Defendant's Restaurant—Italian fine dining fare—are indistinguishable from Plaintiff's.

43.     On information and belief, Defendant owns and/or operates the domain name and website accessible at ilporticorestaurant.com. On information and belief, Defendant registered the domain name on August 25, 2016, more than eighteen years after Plaintiff registered its domain name for ilportico.com.

44.     On information and belief, Defendant operates a Facebook page promoting Defendant's Restaurant as "Il Portico Ristorante Italiano."

45.     Plaintiff did not learn of Defendant's use of the IL PORTICO mark until late 2016. Promptly upon learning of Defendant's infringement, on December 19, 2016, then counsel for Plaintiff sent a letter notifying Defendant of Plaintiff's valuable and exclusive rights in the IL PORTICO trademark, and further alerting Defendant that the use of Plaintiff's federally registered trademark in connection with effectively identical services, without Plaintiff's authorization, would undoubtedly lead to consumer confusion. Plaintiff's December 19 letter further requested that Defendant discontinue the use of Plaintiff's federally registered IL PORTICO trademark. A copy of Plaintiff's December 19 letter is attached as Exhibit B.

46.      The December 19 letter closed by stating Plaintiff's preference to resolve the parties' dispute amicably, and invited further discussion of potential remedies. In its letter of

January 6, however, Defendant's counsel responded by not only rejecting Plaintiff's claims, but also its good faith overture to discuss potential resolutions. A copy of Defendant's January 6 letter is attached as <u>Exhibit C</u>.

47.     Given that Defendant has adopted Plaintiff's mark in its entirety for use in connection with wholly analogous services, consumers encountering Defendant's Restaurant are likely to assume that Defendant's Restaurant is sponsored, endorsed, licensed, or otherwise authorized by Plaintiff, when no such connection exists.

48.     Indeed, confusion as to whether the parties' respective restaurants are affiliated is already apparent among consumers. For instance, on several occasions patrons of Il Portico Ristorante encountering Defendant's Restaurant in online searches have asked whether Plaintiff has added another location.

49.     Accordingly, Defendant's use of IL PORTICO in connection with Defendant's Restaurant has caused, and is likely to continue to cause confusion.

50.     Defendant's unsanctioned use of Plaintiff's IL PORTICO trademark has caused and will continue to cause Plaintiff to suffer irreparable injury. On information and belief, Plaintiff has suffered and will continue to suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from infringing Plaintiff's long-held, incontestable trademark.

51.     Plaintiff has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF

### Trademark Infringement – 15 U.S.C. § 1114

52.     Plaintiff repeats and realleges the claims and allegations set forth in the preceding paragraphs as if fully set forth herein.

8

53.     The IL PORTICO trademark is recognized by connoisseurs and members of the community—including residents of this Judicial District—as referring uniquely to Plaintiff and its lauded Il Portico Ristorante restaurant.

54.     Plaintiff's Registration is valid, incontestable, and in full force and effect.

55.     Plaintiff indisputably began using the IL PORTICO trademark in commerce years prior to Defendant, and well before the opening of Defendant's Restaurant.

56.     Defendant has usurped Plaintiff's federally registered IL PORTICO trademark in its entirety.

57.     Defendant uses Plaintiff's trademark in interstate commerce in connection with the operation and promotion of the selfsame services offered by Plaintiff, namely, Italian restaurant services.

58.     Defendant has neither sought nor received Plaintiff's authorization to use Plaintiff's IL PORTICO trademark.

59.     Defendant's infringing use of Plaintiff's mark has and is likely to continue to cause confusion, mistake, or deception as to Defendant's association with Plaintiff, and to falsely convey that Defendant's Restaurant originates from or is endorsed, sponsored, or licensed by Plaintiff.

60.     Defendant is using Plaintiff's IL PORTICO trademark with full knowledge of and total disregard for Plaintiff's preexisting rights.

61.     As such, Defendant's assumption of Plaintiff's IL PORTICO trademark constitutes infringement of Plaintiff's Registration in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

62.     On information and belief, Defendant commandeered Plaintiff's IL PORTICO trademark with at least constructive knowledge of Plaintiff's preexisting rights in the mark, by virtue of the fact that Plaintiff's IL PORTICO's trademark registration has existed on the United States Principal Trademark Register for more than two and a half decades.

63.     By reason of Defendant's actions, Plaintiff has been damaged and will continue to suffer damage to its business and reputation, unless Defendant is restrained from further infringement.

64.     Plaintiff has no adequate remedy at law.

65.     Accordingly, pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to and demands injunctive relief prohibiting Defendant from using its IL PORTICO trademark, or any other mark, name, or device confusingly similar thereto in connection with Defendant's Restaurant, and to recover all damages that Plaintiff has sustained as a result of Defendant's infringement, and all profits obtained by Defendant in connection with the infringing use of Plaintiff's mark, and to recover all costs and expenses incurred by Plaintiff in connection with this action, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### Trademark Counterfeiting – 15 U.S.C. § 1114

66.     Plaintiff repeats and realleges the claims and allegations set forth in the preceding paragraphs as if fully set forth herein.

67.     Plaintiff's Registration is valid, subsisting, incontestable, and in full force and effect.

68.     Without authorization from Plaintiff, Defendant has lifted Plaintiff's trademark for use in connection with indistinguishable services.

10

69.     Defendant's use of Plaintiff's mark has caused and is likely to continue to cause confusion or mistake, leading consumers and the public at large to mistakenly believe that the parties' restaurants are affiliated, when no such association exists.

70.     On information and belief, Defendant hijacked Plaintiff's IL PORTICO trademark with, at a minimum, constructive knowledge of Plaintiff's rights in the mark.

71.     Defendant's acts therefore constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

72.     By reason of Defendant's actions, Plaintiff has been damaged and will continue to suffer damage to its business and reputation unless Defendant is restrained from further infringement.

73.     Plaintiff has no adequate remedy at law.

74.     As a result, pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to and demands injunctive relief prohibiting Defendant from using Plaintiff's IL PORTICO trademark or any mark or design confusingly similar thereto.

75.     In addition, pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover all of Defendant's profits obtained as a result of its use of Plaintiff's trademark, all damages that Plaintiff has sustained as a result of Defendant's actions, and all costs and expenses incurred by Plaintiff in connection with this action, in an amount to be determined at trial. Plaintiff is further entitled to and demands attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. §1117(c).

## **THIRD CLAIM FOR RELIEF**

### **False Design of Origin – 15 U.S.C. § 1125(a)**

76.     Plaintiff repeats and realleges the claims and allegations set forth in the preceding paragraphs as if fully set forth herein.

11

77.     Plaintiff's Registration is valid, incontestable, and in full force and effect.

78.     Plaintiff has not licensed or otherwise granted permission to Defendant to use Plaintiff's IL PORTICO trademark or any variation thereof.

79.     Defendant's use of Plaintiff's IL PORTICO trademark has caused and is likely to continue to cause confusion or mistake, leading consumers to mistakenly believe that Defendant is somehow affiliated with Plaintiff.

80.     At a minimum, Defendant has used and continues to use the IL PORTICO trademark with constructive knowledge of Plaintiff's preexisting rights.

81.     Defendant's acts therefore constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

82.     By reason of Defendant's actions, Plaintiff has been damaged and will continue to suffer damage to its business and reputation unless Defendant is restrained from further infringement.

83.     Plaintiff has no adequate remedy at law.

84.     Accordingly, Plaintiff is entitled to and demands injunctive relief prohibiting Defendant from using Plaintiff's IL PORTICO trademark, or any other mark, name, or device confusingly similar thereto, and to recover all damages that Plaintiff has sustained as a result of Defendant's infringement, and all profits obtained by Defendant in connection with the use of Plaintiff's mark, and to recover all costs and expenses incurred by Plaintiff in connection with this action, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### Trademark Counterfeiting in Violation of N.J.S.A. 56:3-13.16

85.     Plaintiff repeats and realleges the claims and allegations set forth in the preceding paragraphs as if fully set forth herein.

86.     Plaintiff owns all right, title, and interest in and to the IL PORTICO trademark, including all common law rights.

87.     Without Plaintiff's authorization, Defendant misappropriated Plaintiff's IL PORTICO trademark for its own analogous use in connection with restaurant services.

88.     Defendant's use of Plaintiff's IL PORTICO mark targets restaurant goers and members of the public generally in New Jersey.

89.     Defendant's use of the IL PORTICO trademark has caused, and, unless enjoined, will likely continue to cause confusion or mistake as to the ownership or affiliation of Defendant's Restaurant.

90.     Defendant's acts therefore constitute trademark counterfeiting in violation of N.J.S.A. 56:3-13.16.

91.     Plaintiff has been irreparably harmed, and, unless Defendant is enjoined, will continue to be irreparably harmed by Defendant's use of Plaintiff's IL PORTICO trademark.

92.     Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Trademark Infringement in Violation of the Common Law

93.     Plaintiff repeats and realleges the claims and allegations set forth in the preceding paragraphs as if fully set forth herein.

94.     Since first opening Il Portico Ristorante in 1988, Plaintiff has owned all right, title, and interest in and to Plaintiff's IL PORTICO trademark, including all common law rights, on a nationwide basis.

95.     Without Plaintiff's authorization, Defendant misappropriated Plaintiff's IL PORTICO mark for use in connection with Defendant's Restaurant.

96.     Defendant's use of Plaintiff's mark has conveyed, and, unless enjoined, will likely continue to erroneously convey that Defendant's Restaurant is authorized by or otherwise affiliated with Plaintiff.

97.     Defendant's acts therefore constitute trademark infringement in violation of the common law.

98.     Plaintiff has been irreparably harmed, and, unless Defendant is enjoined, will continue to be irreparably harmed by Defendant's use of Plaintiff's trademark.

99.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays:

For a final judgment that Defendant has engaged in trademark infringement, trademark counterfeiting, and false designation of origin in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and further engaged in trademark counterfeiting in violation of N.J.S.A. 56:3-13.16, and trademark infringement in violation of the common law; and

For entry of an Order

1.     preliminarily and permanently enjoining Defendant and any and all persons and entities acting in concert and participation with Defendant from using Plaintiff's IL PORTICO trademark in connection with marketing, advertising,

promoting, displaying, exhibiting, offering for sale, or selling any goods, and/or providing any services, including restaurant services, in the United States;

2.       awarding damages to Plaintiff, including for injury to Plaintiff's business reputation and goodwill, and all other damages arising out of Defendant's acts in an amount to be determined at trial;

3.       awarding treble damages in the amount of Plaintiff's damages or Defendant's profits, whichever is greater, pursuant to 15 U.S.C. § 1117(a);

4.       awarding Plaintiff's attorneys' fees, costs, disbursements, and applicable interest pursuant to 15 U.S.C. § 1117(a);

5.       in the alternative, awarding statutory damages to Plaintiff pursuant to 15 U.S.C. §1117(c); and

6.       awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all facts so triable.

Dated:  August 15, 2017                GOTTLIEB, RACKMAN & REISMAN, P.C.

By:  _____
     Barry Lewin
     blewin@grr.com
     Jonathan Malki
     jmalki@grr.com
     270 Madison Avenue
     New York, New York 10016
     (212) 684-3900 (tel)
     (212) 684-3999 (fax)
     *Attorneys for Plaintiff The Fife and Drum, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 15, 2017, I caused a true and correct copy of Plaintiff The Fife and Drum, Inc.'s FIRST AMENDED COMPLAINT to be served on all counsel of record via ECF transmission in accordance with the Federal and Local rules of Civil Procedure and the Electronic Filing System of the Court.

/s/ Jonathan A. Malki
Jonathan A. Malki

EXHIBIT A

**Int. Cl.: 42**

**Prior U.S. Cl.: 100**

## United States Patent and Trademark Office

Reg. No. 1,601,605
Registered June 12, 1990

### SERVICE MARK
### PRINCIPAL REGISTER

## IL PORTICO

FIFE AND DRUM INC., THE (NEW YORK CORPORATION)
89 MAIN STREET
TAPPAN, NY 10983

FOR: RESTAURANT SERVICES, IN CLASS 42 (U.S. CL. 100).

FIRST USE 10–25–1988; IN COMMERCE 10–25–1988.

SER. NO. 73–835,202, FILED 10–31–1989.

ANDREW D. LAWRENCE, EXAMINING ATTORNEY

EXHIBIT B

## CM&M CAMPOLO, MIDDLETON & McCORMICK, LLP

December 19, 2016

**VIA EMAIL: INFO@ILPORTICORESTAURANT.COM**
**VIA FIRST CLASS AND CERTIFIFED MAIL**
**7015 1730 0001 1944 8771**

IL PORTICO
273 W. Route 130
Burlington, New Jersey 08016

Re:    **"IL PORTICO" Trademark; U.S. Reg. No. 1,601,605**

Dear Sir/Madam:

This firm represents Fife and Drum, Inc. ("Fife and Drum"), in connection with its trademark rights. Since October 25, 1988, Fife and Drum has been using the "IL PORTICO" mark to promote its restaurant services and has gained substantial name recognition and goodwill.  On June 12, 1990, Fife and Drum obtained a trademark registration with the United States Patent & Trademark Office that establishes nationwide ownership of the mark "IL PORTICO" in connection with "restaurant services".  Attached is a copy of U.S. Reg. No. 1,601,605.  Fife and Drum also owns and maintains the website under the domain address of www.ilportico.com since May 11, 1998.

It has recently come to our client's attention that you are using the mark "IL PORTICO" for restaurant services and are operating a website with the domain address of www.ilporticorestaurant.com.  Although your use may have been unintentional, the marks and usage are identical, which will likely result in marketplace confusion.  In particular, your use of the "IL PORTICO" mark and the services provided thereunder are identical to the "IL PORTICO" mark to which Fife and Drum has prior rights.  As a result, consumers are likely to be confused and may erroneously believe that your use is associated or otherwise affiliated with Fife and Drum.

To prevent that confusion, Fife and Drum demands that you immediately cease using the "IL PORTICO" name in connection with your restaurant services, including the removal and destruction of all signs, menus, banners, websites and advertising bearing the "IL PORTICO" mark.  Further, Fife and Drum demands that you transfer the registration for the domain address of www.ilporticorestaurant.com and any other domains that incorporate or resemble the "IL PORTICO" mark.

At this time, Fife and Drum seeks to amicably resolve this matter and remains open to discuss potential remedies, but reserves all rights and remedies at law and equity.  Please contact me by December 30, 2016, to further discuss or to advise me of your position.

Please be guided accordingly.

Very truly yours,

**CAMPOLO, MIDDLETON**
**&MCCORMICK, LLP**

By: _____
       Eryn Y. Truong, Esq.
EYT/mm
Enclosure

[2510-001/1111071/1]

**Int. Cl.: 42**

**Prior U.S. Cl.: 100**

## United States Patent and Trademark Office

Reg. No. 1,601,605
Registered June 12, 1990

### SERVICE MARK
**PRINCIPAL REGISTER**

## IL PORTICO

FIFE AND DRUM INC., THE (NEW YORK CORPORATION)
89 MAIN STREET
TAPPAN, NY 10983

FOR: RESTAURANT SERVICES, IN CLASS 42 (U.S. CL. 100).

FIRST USE 10–25–1988; IN COMMERCE 10–25–1988.

SER. NO. 73–835,202, FILED 10–31–1989.

ANDREW D. LAWRENCE, EXAMINING ATTORNEY



CAMPOLO, MIDDLETON & McCORMICK, LLP

4175 Veterans Memorial Highway, Suite 400
Ronkonkoma, New York 11779

IL PORTICO
273 W. Route 130
Burlington, New Jersey 08016



PITNEY BOWES

$ 006.465

02 1P
0001975927  DEC 20 2016

CM
&M CAMPOLO, MIDDLETON & McCORMICK, LLP

4175 Veterans Memorial Highway, Suite 400
Ronkonkoma, New York 11779

IL PORTICO
273 W. Route 130
Burlington, New Jersey 08016

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery

1. Article Addressed to:

IL Portico
273 W. Route 130
Burlington, NJ 08016

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

2510-001  mm  12/20/16

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
   (*Transfer from service label*)

7015 1730 0001 1944 8771

PS Form **3811**, February 2004        Domestic Return Receipt        102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

2510-001 mm 12/20/16

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee
$  3.30

Extra Services & Fees (*check box, add fee as appropriate*)
☑ Return Receipt (hardcopy)    $  2.10

Postmark

EXHIBIT C

LAW OFFICES OF
# EDWIN M. GOLDSMITH, III, LLC
A PENNSYLVANIA LIMITED LIABILITY COMPANY
TEN PENN CENTER
1801 MARKET STREET
SUITE 1100
PHILADELPHIA, PENNSYLVANIA 19103

(215) 563-4949
FAX (215) 563-4433

www.edgoldsmithlaw.com

E-Mail Address:
edgoldsmith@edgoldsmithlaw.com

January 6, 2017

**VIA EMAIL AND FIRST CLASS MAIL**

Eryn Y. Truong, Esq.
Campolo, Middleton, McCormick, LLP
4175 Veterans Memorial Highway, Suite 400
Ronkonkoma, New York 11779

Re:   Il Portico Service Mark

Dear Ms. Truong:

Please be advised that this firm represents Il Portico Restaurant, 273 West Route 130, Burlington, New Jersey 08016.

In response to your letter of December 19, 2016, our client's restaurant clearly does not compete with your client's restaurant in any respect, and accordingly there cannot be any of the confusion that apparently concerns you. Our client's restaurant is located in Burlington, New Jersey, whereas your client's restaurant is located above New York City, a distance of approximately 100 miles.

Further, it is my understanding, and a search bears this out, that the service mark that your client has registered is in Class 42. Class 42 relates to providing services in relation to theoretical and practical aspects of complex fields of activities, such as providing consulting services. Class 43, which is not included in your registration, pertains to services provided by persons or establishments whose aim is to prepare food and drink for consumption. My client's activities fall within Class 43, not Class 42.

Further, il Portico is a generic name. It derives from the gates of the ghetto in Rome.

Further, we would want to see proof of your client's continuous use of the name for your client's restaurant since 1989. Our client registered the name in Pennsylvania in 1995 and thereafter used it in connection with his restaurant in Philadelphia for many years. He has now opened another restaurant in Burlington New Jersey and continues to use the name. We are advised that your client did not make use of the name until after my client's usage commenced and that your client's website postdates our client's website.

Further, we are advised that the name is in use all over the United States and the World. We would expect you to provide proofs of any enforcement actions your client has taken to protect the name.

TruongLtr 01062017.wpd

January 6, 2017
Page 2
_____

     Accordingly, be advised that our client will vigorously defend any challenge to its continued use of its name.

     This letter is without prejudice to further claims and defenses our client may have.

     Be guided accordingly.


Very truly yours,

**Edwin M. Goldsmith, III, LLC**
**A Pennsylvania limited Liability Company**


Edwin M. Goldsmith, III


EMG:ms

cc: Il Portico Restaurant


TruongLtr 01062017.wpd

Law Offices of Edwin M. Goldsmith, III, LLC
Ten Penn Center
1801 Market St
Eleventh Floor
Philadelphia, PA 19103

PHILADELPHIA
PA 191
05 JAN 17
PM 5 L



US POSTAGE
$0.470
FIRST-CLASS
FROM 19103
JAN 06 2017
stamps
.com



Eryn Y. Truong, Esq
Campolo, Middleton, McCormick, LLP
4175 Veterans Highway, Suite 400
Ronkonkoma NY 11779-7639